[Cite as *Griffin v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-6586.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

VINCENT R. GRIFFIN

Plaintiff

v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

Defendant

Case No. 2011-05297-AD

Acting Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶1} Plaintiff, Vincent Griffin, an inmate formerly incarcerated at defendant, Lebanon Correctional Institution (LeCI), filed this action alleging that several items of his personal property were lost or stolen on January 19, 2011, as a proximate result of negligence on the part of LeCI staff. Plaintiff related that he was transferred from LeCI to Madison Correctional Institution (MaCI) on January 19, 2011 for an undisclosed reason. Plaintiff's personal property was inventoried, packed, and delivered into the custody of LeCI personnel incident to this transfer. Plaintiff claimed that his legal papers, trial transcripts, commissary items, and a pair of Reebok tennis shoes were missing and had been lost or stolen during the transfer. Plaintiff did not submit any copies of his property inventory compiled on January 18 or 19, 2011, by LeCI personnel. Plaintiff submitted copies of informal complaints that he completed relative to the missing property.

{¶2} In his complaint, plaintiff requested damage recovery in the amount of $1,293.00, the stated total value of the alleged missing property. Payment of the filing fee was waived.

{¶3}   Defendant denied liability in this matter contending that plaintiff failed to offer any evidence to establish that any of his property was lost or stolen as a result of any breach of any duty of care owed on the part of LeCI personnel in regard to inmate property protection.  Defendant pointed out that upon arriving at MaCI, plaintiff signed an "inmate property record indicating that all of the property identified on the record, including various letters and papers, was returned to him and that he had an opportunity to inspect his property upon arriving at MaCI."  Defendant asserted plaintiff was again returned to LeCI from MaCI on February 7, 2011, and that during this transfer, plaintiff signed "two additional inmate property records certifying that the items identified on the records were complete and accurate inventories of his property.  Upon arriving back at LeCI, Plaintiff again certified that all of the property listed on the inventory forms, including a reasonable amount of letters and papers, was returned to him."  Defendant submitted copies of the relevant inventory forms and a report from the institutional inspector, Dan Hudson.  Items relevant to this claim listed on the January 19, 2011 LeCI inventory form are legal mail-reasonable amount and food items described as one soup and one coffee.[1]  The MaCI inventory dated January 19, 2011, lists letters/papers (3) and one coffee.[2]   The relevant portion of the transfer inventory from MaCI dated February 7, 2011, lists letters/papers-reasonable amount and one soup.[3]  Likewise, the inventory sheet dated February 8, 2011, compiled at LeCI lists a reasonable amount of letters/papers and one soup.[4]  Finally, defendant argued that plaintiff failed to offer any evidence to verify he actually possessed the number of pages of legal materials listed in his complaint.

{¶4}   Plaintiff filed a response contending that his state issue clothing was lost or stolen during the initial transfer and that replacement clothing was issued to him.[5] In

---

[1] This inventory does bear plaintiff's signature certifying that the items listed represent "a complete and accurate inventory of all my personal property."

[2] Plaintiff signed the inventory sheet verifying that all of the property listed on the inventory had been returned to him.

[3] This inventory also bears plaintiff's signature certifying that the items listed represent "a complete and accurate inventory of all my personal property."

[4] Plaintiff signed this form indicating both that the items listed represent "a complete and accurate inventory of all my personal property" and that  all of the property listed on the inventory had been returned to him.

[5] "Plaintiff cannot bring an action for the loss of state issue property considering he has no

addition, plaintiff claims that the lost or stolen legal materials were in a box with a separate pack-up sheet, and that the only copy of such document was attached to the missing box. Finally, plaintiff suggested that one or more of the inventory pack-up sheets was a fabrication.

CONCLUSIONS OF LAW

{¶5}   In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries.  *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶6} "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ."  *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶7} Although not strictly responsible for a prisoner's property defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶8} This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶9} Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶10}    Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm.  *Parks v. Department of Rehabilitation and Correction* (1985),

---

ownership right in such property." *Sanford v. Ross Corr. Inst.*,  Ct. of Cl. No. 2006-03494-AD, 2006-Ohio-7311, ¶6.  Therefore, any claim for the loss of state issue property is denied and shall not be further addressed.

85-01546-AD.

{¶11}    The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact.  *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus.  The court is free to believe or disbelieve, all or any part of each witness's testimony.  *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548.  The court does not find plaintiff's assertions particularly persuasive regarding his claims of property loss.

{¶12}    Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish that defendant actually assumed control over the property.  *Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455 obj. overruled, 2005-Ohio-5068.  Plaintiff failed to prove that defendant actually exercised control over his tennis shoes or commissary items valued at $40.00 incident to the January 19 and February 8, 2011 transfers.

{¶13}    Plaintiff's failure to prove delivery of the above listed property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property.  *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

{¶14}    In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim.  If his evidence furnishes a basis for only a guess, among different possibilities, as to any issue in the case, he fails to sustain the burden as to such issue.  *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶15}    Plaintiff has failed to show an causal connection between the loss of his property listed and any breach of a duty owed by defendant in regard to protecting inmate property.  *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD; *Melson v. Ohio Department of Rehabilitation and Correction* (2003), Ct. of Cl. No. 2003-04236-AD, 2003-Ohio-3615.

{¶16}    Plaintiff has failed to prove, by a preponderance of the evidence, that any of his property was stolen or lost as a proximate result of any negligent conduct attributable to defendant.  *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

VINCENT R. GRIFFIN

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

    Case No. 2011-05297-AD

Acting Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Acting Clerk

Entry cc:

Vincent R. Griffin, #637-280
P.O. Box 788
Mansfield, Ohio 44901

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

7/20
Filed 8/1/11
Sent to S.C. reporter 12/20/11